IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DAVID HARMAN, | : | No.  4:CV 06-1370 |
| Plaintiff, | : | Judge Jones |
| v. | : | |
| SANDRA KAUFMAN | : | |
| Defendant | : | |

MEMORANDUM

**January 5, 2007**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is *pro se* Defendant Sandra Kaufman's construed Motion to Dismiss ("the Motion")(doc. 19) filed on November 29, 2006.  For the following reasons, the Motion shall be granted and the action dismissed.

**PROCEDURAL HISTORY**

*Pro se* Plaintiff James David Harman ("Plaintiff") commenced this action against Defendants Sandra Kaufman ("Kaufman") and Randy Huber ("Huber")  by filing a complaint (doc. 1) with this Court on July 12, 2006.  After receiving the complaint by certified mail, Kaufman filed an answer on July 27, 2006.  (Rec. Doc. 4).

Following a volley of pleadings and Orders, the complaint was stricken as

against Defendant Huber by Order dated September 28, 2006 (doc. 17) for Plaintiff's failure to comply with the previous Orders of this Court to file an amended complaint.

Thereafter, on November 13, 2006, Plaintiff filed a submission purporting to be a motion for summary judgment. (Rec. Doc. 18) The filing clearly did not comply with the Local Rules of Federal Rules of Civil Procedure governing Rule 56 motions. Moreover, Plaintiff failed to file a supporting brief within the time required by L.R. 7.5, and accordingly by Order dated November 30, 2006 (doc. 20), we deemed the motion for summary judgment withdrawn.

Prior the entry of our November 30, 2006 Order, Defendant Kaufman filed a submission styled as a "Response to Plaintiff [*sic*] Motion for Summary Judgement [*sic*]" (doc. 19) on November 29, 2006. Recognizing Kaufman's *pro se* status, we construed her submission as a motion to dismiss and ordered a briefing schedule within the November 30, 2006 Order. To date, the construed Motion has been fully briefed by the parties and is therefore ripe for our review.

**STANDARD OF REVIEW:**

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir.

1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**FACTUAL BACKGROUND**:

Inasmuch as Defendant Huber has been terminated as a party to this action, we shall only summarize the factual averments in the complaint as they pertain to Defendant Kaufman.

Plaintiff apparently owns a rental property appurtenant to property owned by Defendant Kaufman, and the instant action arises out of disputes between the parties regarding the maintenance of Plaintiff's property.  Plaintiff alleges that Defendant Kaufman has restricted and diminished the Plaintiff's ability to maintain his property for a variety of reasons.  Plaintiff further alleges that Defendant Kaufman has caused affirmative damage to his property and has placed "No

Trespassing" signs that Plaintiff believes prevents him from using his property. Finally, Plaintiff makes a vague averment that Defendant Kaufman lied in a "lower court hearing" (doc. 1, ¶13) regarding the property dispute.

Plaintiff alleges that Defendant Kaufman has violated his rights under the Fourteenth Amendment to the United States Constitution, and prays for monetary relief in the amount of $75,000.00, as well as various forms of injunctive relief.

**DISCUSSION**:

In dismissing this action, we first note that Plaintiff has pled no cognizable federal cause of action against Defendant Kaufman.  Defendant Kaufman, a private citizen, cannot be held liable for allegedly violating the Plaintiff's constitutional rights under the Fourteenth Amendment.  Second, we note that this Court simply lacks subject matter jurisdiction over this action.  Federal question jurisdiction pursuant to 28 U.S.C. § 1331 clearly does not obtain, in light of the lack of a federal claim.  Moreover, diversity jurisdiction pursuant to 28 U.S.C. § 1332 does not exist, as the Plaintiff and Defendants are both citizens of the same state, Pennsylvania.  Finally, for the sake of completion, we note that Plaintiff improperly served the Defendant, inasmuch service by mail was an improper method of service in this action, pursuant to Fed. R. Civ. P. 4(e)(1) and Pa.R.Civ.P. 403.

Taking all of the allegations in Plaintiff's complaint as they relate to Defendant Kaufman as true, there simply exists no federal action. What we have is a pair of disgruntled neighbors, and Plaintiff apparently feels aggrieved to the extent that he has tried to claim a federal cause of action against Defendant Kaufman. Defendant Kaufman's reply brief, although submitted by an indivdual not learned in the law, is entirely telling. She depicts a story of Plaintiff, a neighboring property owner who, for some untold reason, takes offense, in escalating measures, to the mere existence of the Defendant Kaufman being his neighbor. Defendant Kaufman discloses that Plaintiff has previously sued her in state court, and that she prevailed in that action.

The instant action is clearly a baseless attempt for the Plaintiff to attempt to relitigate issues that were decided against him in the state courts; issues that patently have no merit, at both the state and federal level. Accordingly, we shall grant the construed motion to dismiss (doc. 19) and direct the Clerk to close this case. An appropriate Order shall issue.

s/ John E. Jones III  
John E. Jones III  
United States District Judge